B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>ProNerve, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>20-8592155 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>7600 E. Orchard Road, 200N<br>Greenwood Village, Colorado<br>ZIP CODE 80111 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Arapahoe | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☑ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☑ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)                                                                                    Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>ProNerve, LLC | |
|---|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: None | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>See Annex A | Case Number:<br>Pending | Date Filed: |
| District:<br>District of Delaware | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>  Signature of Attorney for Debtor(s)     (Date) |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>☑ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box.) |
|---|
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1) (04/13)                                                                                          Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>ProNerve, LLC |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney\***

X _____  /s/ Timothy W. Walsh
Signature of Attorney for Debtor(s)

Donald J. Detweiler          Timothy W. Walsh
Printed Name of Attorney for Debtor(s)

Pepper Hamilton LLP    McDermott Will & Emery LLP
Firm Name

Hercules Plaza, 1313 Market St.    340 Madison Ave.
Wilmington, DE 19899               New York, NY 10173
Address

302-777-6500                       212-547-5400
Telephone Number

02/24/2015
Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____

George D. Pillari, CEO of ProNerve Holdings, LLC,
Printed Name of Authorized Individual

Member of Debtor
Title of Authorized Individual

02/24/2015
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## ANNEX A

### Pending Bankruptcy Cases Filed by Any Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (the "Debtors") filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these chapter 11 cases under the case number assigned to the chapter 11 case of ProNerve, LLC.

1. ProNerve, LLC

2. ProNerve Holdings, LLC

3. Boulder Intraoperative Monitoring, LLC

4. Colorado Intraoperative Monitoring, LLC

5. Denver South Intraoperative Monitoring, LLC

6. Eugene Intraoperative Monitoring, LLC

7. ProNerve Technologies, LLC

8. Riverside Intraoperative Monitoring, LLC

9. Topeka Intraoperative Monitoring, LLC

## PRONERVE, LLC
## CONSENT IN LIEU OF A SPECIAL MEETING OF THE SOLE MEMBER

As of this 11th day of February, 2015, ProNerve Holdings, LLC (the "Member"), the sole member of ProNerve, LLC (the "Company"), in lieu of holding a special meeting of the sole member, does hereby take the following actions and adopt the following resolutions in accordance with the Company's Amended and Restated Limited Liability Company Agreement, dated February 17, 2012 (the "LLCA") and Delaware Limited Liability Company Law:

> WHEREAS, the Member reviewed the materials presented by the management and the financial and legal advisers of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business; and

> WHEREAS, the Member has had the opportunity to consult with the management and the financial and legal advisers of the Company and fully consider each of the strategic alternatives available to the Company.

I.      **Voluntary Petition Under Chapter 11 of Title 11 of the United States Code**

> **NOW, THEREFORE, BE IT RESOLVED THAT**: In the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, stockholders, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code;

> **BE IT FURTHER RESOLVED THAT**: Each of the Chief Executive Officer, Chief Financial Officer, and such other officers as may be designated by the Chief Executive Officer (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief;

> **BE IT FURTHER RESOLVED THAT**: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to continue to employ the law firm of McDermott Will & Emery LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection

therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of McDermott Will & Emery LLP;

**BE IT FURTHER RESOLVED THAT**: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to continue to employ the law firm of Pepper Hamilton LLP as local Delaware counsel to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Pepper Hamilton LLP;

**BE IT FURTHER RESOLVED THAT**: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to continue to employ certain employees of the firm of Alvarez & Marsal Healthcare Industry Group, LLC ("A&M"), including, without limitation, George D. Pillari (CEO and CRO) and Ronald M. Winters (Vice CRO), as employees of the Company to assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, to cause to be filed appropriate applications for authority to retain the services of certain employees of A&M, and to pay A&M, in addition to the hourly compensation, a completion fee in the amount of $300,000 upon the earlier of (x) the consummation of a plan of reorganization under chapter 11 of title 11 of the United States Code; and (y) the sale, transfer, or other disposition of all or a substantial portion of the assets or equity of the Company in one or more transactions, subject to Bankruptcy Court approval;

**BE IT FURTHER RESOLVED THAT**: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the firm of The Garden City Group LLC as notice and claims agent to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of The Garden City Group LLC; and

**BE IT FURTHER RESOLVED THAT**: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under title 11 of the United States Code; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## II.    <u>Debtor in Possession Financing</u>

**BE IT FURTHER RESOLVED THAT**: The form, terms and provisions of the Debtor in Possession Credit Agreement (the "<u>DIP Loan Agreement</u>" and, together with each other document, instrument or agreement executed in connection therewith, the "<u>DIP Loan Documents</u>"), among ProNerve Holdings, LLC and each of its wholly-owned subsidiaries (the "<u>Debtors</u>"), which will be debtors and debtors in possession in cases to be filed under chapter 11 of title 11 of the United States Code (the "<u>Cases</u>"), and SpecialtyCare IOM Services, LLC (the "<u>DIP Lender</u>"); which DIP Loan Documents (A) provide the Debtors with loan facilities of up to $2.5 million, comprised of a term loan, (B) require the grant of the security interests and liens in all assets and properties of the Debtors, with corresponding adequate protection to existing secured lenders as a result of the priming of existing liens and security interests and (C) provide for the proceeds therefrom to be

used to fund (1) postpetition operating expenses of the Debtors incurred in the ordinary course of business and (2) working capital, capital expenditures, and other general corporate purposes of the Debtors strictly in accordance with the amounts and categories set forth in the DIP Budget (as defined in the DIP Loan Agreement), in substantially the form submitted to the Member, be, and the same hereby are in all respects approved, and that any Authorized Officer or other officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Member, with such changes, additions and modifications thereto as the officer of the Member executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof;

**BE IT FURTHER RESOLVED THAT**: The Company, as debtor and debtor in possession in the Cases shall be, and hereby is, authorized to incur the Obligations (as defined in the DIP Loan Agreement) and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions");

**BE IT FURTHER RESOLVED THAT**: The Authorized Officers be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements or modifications to the DIP Loan Documents and such other documents, agreements (including, without limitation, security agreements, mortgages and guarantees), certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company now or hereafter acquired as contemplated by the DIP Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Company, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems is necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof;

**BE IT FURTHER RESOLVED THAT**: The Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver (A) the DIP Loan Documents and such agreements (including, without limitation, security agreements, mortgages and guarantees), certificates, instruments, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"), (B) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Lender and (C) such forms of deposit and securities account control agreements, officer's certificates and compliance certificates as may be required by the DIP Loan Documents or any other Financing Document;

**BE IT FURTHER RESOLVED THAT**: The Authorized Officers be, and each of them hereby is, authorized and empowered to authorize the DIP Lender to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Lender deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lender may reasonably request to perfect the security interests of the DIP Lender under the DIP Loan Documents;

**BE IT FURTHER RESOLVED THAT**: Each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Loan Documents or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**BE IT FURTHER RESOLVED THAT**: Each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications,

renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable;

**BE IT FURTHER RESOLVED THAT**: All acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Documents and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved and ratified;

III.    **363 Asset Sale**

**BE IT FURTHER RESOLVED THAT**: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered to petition the Bankruptcy Court to effect a sale of substantially all of the Company's assets pursuant to section 363 of title 11 of the United States Code to SpecialtyCare IOM Services, LLC, or any other party that presents the highest and best offer to do so pursuant to an auction process under the supervision of the Bankruptcy Court to ensure that the price and terms obtained by the Company constitute the best available transaction for the Company (the "363 Sale"); and

**BE IT FURTHER RESOLVED THAT**: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or advisable to effect the 363 Sale.

IV.    **Further Actions and Prior Actions**

**BE IT FURTHER RESOLVED THAT**: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered for, in the name of and on behalf of the Company to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions;

**BE IT FURTHER RESOLVED THAT**: All acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company,

which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

IN WITNESS WHEREOF, pursuant to the LLCA, the undersigned has executed this certificate as of the 11th day of February, 2015.

**PRONERVE, LLC**

By: ProNerve Holdings, LLC, its sole member

By:    _____
　　　　Stephen R. Bova
　　　　Manager


　　　　_____
　　　　Howard S. Hoffmann
　　　　Manager


　　　　_____
　　　　Robert W. Miller
　　　　Manager

IN WITNESS WHEREOF, pursuant to the LLCA, the undersigned has executed this certificate as of the 11th day of February, 2015.

**PRONERVE, LLC**

By: ProNerve Holdings, LLC, its sole member

By: _____

Stephen R. Bova
Manager

_____
Howard S. Hoffmann
Manager

_____
Robert W. Miller
Manager

IN WITNESS WHEREOF, pursuant to the LLCA, the undersigned has executed this certificate as of the 11th day of February, 2015.

**PRONERVE, LLC**

By: ProNerve Holdings, LLC, its sole member

By: _____
Stephen R. Bova
Manager

_____
Howard S. Hoffmann
Manager

Robert W. Miller
Manager

The undersigned, George D. Pillari, Chief Executive Officer of ProNerve Holdings, LLC, hereby certifies as follows:

1. I am the duly qualified and elected Chief Executive Officer of ProNerve Holdings, LLC and, as such, I am familiar with the facts herein certified and I am duly authorized to certify same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copy of the resolutions of the Board of Managers of ProNerve Holdings, LLC, duly adopted at a properly convened meeting of the Board of Managers on February 11, 2015, by a majority of the votes of the quorum of managers there present, in accordance with the by-laws of the ProNerve Holdings, LLC.

3. Such resolutions have not been amended, altered, annulled, rescinded, or evoked and is in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Managers of ProNerve Holdings, LLC relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 11th day of February, 2015.

PRONERVE HOLDINGS, LLC

By: _____
George D. Pillari
Chief Executive Officer

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PRONERVE HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

   The following is a list of the Debtors' creditors holding the 30 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in these chapter 11 cases. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.

| *Name of Creditor* | *Contact Information* | *Nature of Claim* | *Estimated Amount of Claim* |
|---|---|---|---|
| Northwest Neurodiagnostics, Inc. | Attn: Sean Anderson 26603 SE 16th Court Sammamish, WA 98075 | Acquisition Earnout | $1,000,000 |
| PhysIOM Group, LLC | Attn: Richard Flores 3284 Northside Parkway Suite 600 Atlanta, GA | Acquisition Earnout | $263,165 |
| Broncor, Inc. | Leonard Law Offices Attn: Michael I. Leonard 203 North LaSalle Suite 1620 Chicago, IL 60601 | Acquisition Earnout | $224,430 |
| Advanced Reimbursement Management, LLC | Attn: Connie Perez 4524 Southlake Parkway Suite 15 Hoover, AL 35244 | Trade | $111,500 |

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: ProNerve Holdings, LLC (1653); ProNerve, LLC (2155); Boulder Intraoperative Monitoring, LLC (9147); Colorado Intraoperative Monitoring, LLC (5837); Denver South Intraoperative Monitoring, LLC (3164); Eugene Intraoperative Monitoring, LLC (0718); ProNerve Technologies, LLC (1814); Riverside Intraoperative Monitoring, LLC (6963); and Topeka Intraoperative Monitoring, LLC (6151). The location of the Debtors' corporate headquarters and the service address for all Debtors is 7600 E. Orchard Road, Suite 200 N, Greenwood Village, Colorado 80111.

| | | | |
|---|---|---|---|
| True Partners Consulting LLC | Attn: Jose Paz<br>225 W. Wacker Drive,<br>Suite 1600<br>Chicago IL 60606 | Professional Services | $100,233 |
| Ernst & Young LLP | Attn: Jim Wilson<br>PNC Bank<br>c/o Ernst & Young US LLP<br>3712 Solutions Center<br>Chicago, IL 60677-3007 | Professional Services | $95,000 |
| Max Neuro Supply Inc. | Attn: Edward Ma<br>1469 Rolling Knoll Road<br>Diamond Bar, CA 91765 | Trade | $80,946 |
| Cardinal Peak | Attn: Ronni Dana<br>1380 Forest Park Circle<br>Suite 202<br>Lafayette, CO 80026 | Trade | $59,629 |
| Cadwell Laboratories, Inc. | Attn: Kevin Villarreal<br>909 N. Kellogg Street<br>Kennewick, WA 99336 | Trade | $49,263 |
| NeuroDiagnostic Solutions,<br>Inc. | Attn: Richard Flores<br>10940 S. Parker Road #503<br>Parker, CO 80136 | Trade | $48,000 |
| The Lowenbaum Partnership<br>LLC | Attn: Adam Hirtz, Esq.<br>222 South Central Avenue<br>Suite 901<br>St. Louis, MO 63105 | Professional Services | $42,861 |
| U.S. Monitoring, LLC | Attn: Michael Scholin<br>P.O. Box 78176<br>Milwaukee, WI 53278-8176 | Trade | $36,474 |
| 3T Systems | Attn: Hollie Houghtaling<br>5990 Greenwood Plaza Blvd.<br>Bldg 2, Suite 350<br>Greenwood Village, CO<br>80111 | Trade | $36,133 |
| Wheeler Trigg O'Donnell, LLP | Attn: Hugh Gottschalk, Esq.<br>370 17th Street<br>Suite 4500<br>Denver, CO 80802-5647 | Professional Services | $33,804 |
| CliftonLarsonAllen LLP | Attn: Sally Higgins<br>370 Interlocken Blvd.<br>Suite 500<br>Broomfield, CO 80021 | Professional Services | $30,510 |
| Computer Technology<br>Corporation | Attn: Chad Freed<br>4900 College Blvd.<br>Overland Park, KS 66211 | Trade | $30,378 |

#32674365 v1

| | | | |
|---|---|---|---|
| Medtronic USA | Attn: Steve Ronspies<br>4642 Collection Center Drive<br>Chicago, IL 60693-0046 | Trade | $26,870 |
| Office Team | Attn: David Palavi<br>P.O. Box 743295<br>Los Angeles, CA 90074-3295 | Professional Services | $26,595 |
| Hosting.com | Attn: Brandon Ivey<br>P.O. Box 824164<br>Philadelphia, PA 19182-4164 | Trade | $26,176 |
| Sean M. Pughes | 297 Lake Havasu Ave, South<br>Suite 204<br>Lake Havasu, AZ 56403 | Trade | $24,576 |
| Orchard & Greenwood LLC | Attn: Maria Clark<br>c/o Unico Properties 1215<br>Fourth Ave, Suite 600<br>Seattle, WA 98161 | Trade | $21,556 |
| MGMT 3D | Attn: Drew Dale<br>7900 Xerxes Avenue South<br>Bloomington, MN 55431 | Trade | $18,150 |
| Federal Express | Attn: Don Stephas<br>P.O. Box 94515<br>Palatine, IL 60094-4515 | Trade | $14,125 |
| Rhythmlink International, LLC | Attn: Amber Ferris<br>P.O. Box 2045<br>Columbia, SC 29202-2045 | Trade | $12,728 |
| Littler Mendelson P.C. | Attn: Kerry E. Notestine<br>PO Box 45547<br>San Francisco, CA 94145 | Professional Services | $12,145 |
| Pangea Performance<br>Consulting Group, Inc. | Attn: Julie McCann<br>16476 Calle Pulido<br>San Diego, CA 92128 | Trade | $12,000 |
| Douglas Seeley | 10175 S. Park Meadows Dr.<br>Building 5, #101<br>Lone Tree, CO 80124 | Employee Severance | $11,279 |
| Anton Collins Mitchell, LLP | Attn: Melissa Hooley<br>303 E. 17th Ave, Suite 600<br>Denver, CO 80203 | Professional Services | $11,156 |
| Amer NeuroMonitoring Assc. | Attn: Gene K. Balzer, Ph.D.<br>C/O BlackRidge Bank<br>3703 Lockport Street<br>Bismark, ND 58503 | Professional Services | $10,000 |
| S & S Billing Services, Inc. | Attn: Shani Schroeder<br>7220 W Jefferson Ave<br>Lakewood, CO 80235 | Trade | $9,078 |

## CERTIFICATION

I, George D. Pillari, am an authorized officer of the Debtors and, in such capacity, am familiar with the financial affairs of the Debtors. I declare under penalty of perjury that the foregoing *Consolidated List of Creditors Holding 30 Largest Unsecured Claims* is true and accurate to the best of my knowledge, information, and belief, with reliance on appropriate corporate officers.

Dated: February 24, 2015

PRONERVE HOLDINGS, LLC

By: _____
George D. Pillari
Chief Executive Officer

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PRONERVE HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 15-_____ (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS OF DEBTOR

ProNerve, LLC, as debtor and debtor in possession in the above-captioned cases, hereby

files its List of Equity Security Holders, pursuant to Rule 1007(a)(3) of the Federal Rules of

Bankruptcy Procedure.

| Name and Last Known Address or Place of Business of Holder | Security Class | Number of Securities | Ownership Percentage |
|---|---|---|---|
| ProNerve Holdings, LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, Colorado 80111 | N/A | N/A | 100% |

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: ProNerve Holdings, LLC (1653); ProNerve, LLC (2155); Boulder Intraoperative Monitoring, LLC (9147); Colorado Intraoperative Monitoring, LLC (5837); Denver South Intraoperative Monitoring, LLC (3164); Eugene Intraoperative Monitoring, LLC (0718); ProNerve Technologies, LLC (1814); Riverside Intraoperative Monitoring, LLC (6963); and Topeka Intraoperative Monitoring, LLC (6151). The location of the Debtors' corporate headquarters and the service address for all Debtors is 7600 E. Orchard Road, Suite 200 N, Greenwood Village, Colorado 80111.

**CERTIFICATION**

    I, George D. Pillari, am an authorized officer of the Debtors and, in such capacity, am familiar with the financial affairs of the Debtors.  I declare under penalty of perjury that the foregoing *List of Equity Security Holders of Debtor* is true and accurate to the best of my knowledge, information, and belief, with reliance on appropriate corporate officers.

Dated: February 24, 2015

                    **PRONERVE, LLC**

                    By: ProNerve Holdings, LLC, its sole member

                      By: _____

                          George D. Pillari

                          Chief Executive Officer

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PRONERVE HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 15-_____  (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, ProNerve, LLC, on behalf of itself and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), respectfully represents and sets forth as follows:

1.      ProNerve Holdings, LLC directly or indirectly owns 100% of the equity interests in all of the other Debtors.

2.      ProNerve Holdings, LLC directly owns 100% of the equity interests in ProNerve, LLC, which directly owns 100% of the equity interests in Boulder Intraoperative Monitoring, LLC, Colorado Intraoperative Monitoring, LLC, Denver South Intraoperative Monitoring, LLC, Eugene Intraoperative Monitoring, LLC, ProNerve Technologies, LLC, Riverside Intraoperative Monitoring, LLC, and Topeka Intraoperative Monitoring, LLC.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: ProNerve Holdings, LLC (1653); ProNerve, LLC (2155); Boulder Intraoperative Monitoring, LLC (9147); Colorado Intraoperative Monitoring, LLC (5837); Denver South Intraoperative Monitoring, LLC (3164);  Eugene Intraoperative Monitoring, LLC (0718); ProNerve Technologies, LLC (1814); Riverside Intraoperative Monitoring, LLC (6963); and Topeka Intraoperative Monitoring, LLC (6151).  The location of the Debtors' corporate headquarters and the service address for all Debtors is 7600 E. Orchard Road, Suite 200 N, Greenwood Village, Colorado 80111.

## CERTIFICATION

I, George D. Pillari, am an authorized officer of the Debtors and, in such capacity, am familiar with the financial affairs of the Debtors.  I declare under penalty of perjury that the foregoing *Corporate Ownership Statement* is true and accurate to the best of my knowledge, information, and belief, with reliance on appropriate corporate officers.

Dated: February 24, 2015

PRONERVE HOLDINGS, LLC

By: _____
George D. Pillari
Chief Executive Officer